# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:14-CR-4-TLS |
| | ) | |
| SHAWN C. NORMAN | ) | |

## OPINION AND ORDER

The Defendant, Shawn C. Norman, is facing three drug-related charges related to events that occurred in October through December 2013. The Defendant has filed a Motion to Suppress [ECF No. 58], seeking to "have the Court suppress any and all evidence in this cause directly or indirectly related to the Defendant's interactions with alleged purchases of controlled substances from the confidential informant/confidential human source used by the government in this cause." (Mem. in Support 1, ECF No. 85 (referring to conversations, text messages, tangible evidence from the alleged purchases in the form of currency or controlled substances, or audio or video recordings).) As grounds for his request, the Defendant argues that his rights were violated because a confidential human source, Roy Walker, to whom he purportedly sold drugs had not adhered to his supervised release terms before becoming an informant. Specifically, Walker had not obtained court approval, which was in direct violation of one of the terms of his supervised release. When a federal agent realized that Walker was on federal supervised release, as opposed to state parole, the agent set out to obtain the proper authority. By then, however, Walker had already purchased drugs from the Defendant under the supervision of law enforcement. This October 4, 2013, controlled drug buy was used as a basis to obtain a search warrant, and is also the basis for Count 1 of the Superseding Indictment. Count 2 charges the Defendant with distributing heroin on November 20, 2013, which was also based on a controlled drug buy

involving Walker. In Count 3, the Defendant is charged with knowingly and intentionally possessing with intent to distribute heroin on December 20, 2013, which is the date the search warrant was executed. Count 4 alleges that the Defendant maintained a place for the purpose of distributing and manufacturing a controlled substance.

The Defendant has not made any claim that Walker was an unreliable source, such that his participation in the October 4 controlled buy was insufficient to establish probable cause for the search warrant. Rather, the Defendant invokes the procedural safeguards of the Fifth and Fourteenth Amendments in support of his suppression request. He maintains that the condition of supervised release that prohibited Walker from entering into any agreement to act as an informant or special agent of a law enforcement agency without permission of the court was also a restriction on the activity of federal law enforcement agents. When the agents failed to adhere to the restrictions, it upset the governmental system of checks and balances and thus implicated the Defendant's due process rights.

Previously, this Court referred the matter to Magistrate Judge Susan L. Collins to review the Motion and the Government's response, to conduct any and all necessary evidentiary hearings, to order additional briefing, and to issue a report and recommendation that includes proposed findings of fact and recommendations for the disposition of the Defendant's Motion to Suppress. The Magistrate Judge presided over two evidentiary hearings and received post-hearing briefs. In the Report and Recommendation, issued on September 25, 2017, the Magistrate Judge concluded that the Defendant had not produced any case authority in which evidence was suppressed as a result of due process violations brought about by outrageous government conduct. Nor had the Defendant disputed the Government's assertion that the

Seventh Circuit has not recognized the doctrine of outrageous government conduct as a means to bar prosecution. What is more, the Magistrate Judge found that the Government's actions could not be construed as outrageous conduct. Accordingly, the Report recommends denial of the Defendant's Motion to Suppress.

On October 9, 2017, the Defendant filed Objections to Magistrate's Report and Recommendation. The Defendant stands by his due process analysis, but asserts that the doctrine of outrageous government conduct does not provide the appropriate standard. Rather, he claims that failure to strictly adhere to an order of the United States District Court setting terms and conditions of supervised release, which was designed to protect the rights of all citizens, requires suppression of the evidence against him. The Government, in a Notice [ECF No. 92] filed on October 18, 2017, states that it "will rely upon its previously filed brief and the Magistrate's Report and Recommendation."

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(A)–(B), a magistrate judge does not have authority to issue a final order on a motion to suppress evidence in a criminal case. Instead, the magistrate judge submits proposed findings of fact and recommendations to the district court. If a party files a timely objection to the magistrate judge's report and recommendation, § 636(b)(1) provides that

> the district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge also may receive further evidence or recommit the matter to the magistrate judge with instructions.

Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v.*

*Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court finds that the record before the Magistrate Judge is sufficient to allow this Court to make a de novo determination, where necessary. *See United States v. Raddatz*, 447 U.S. 667, 673–76 (1980) (holding that de novo review does not require a de novo evidentiary hearing, even when witness credibility is at issue). The Defendant has not requested a hearing or challenged the Magistrate Judge's recitation of the facts. For the most part, his statement of the facts mirrors that contained in the Report and Recommendation, and the Court ACCEPTS the Findings of Fact contained in the Report and Recommendation. The Defendant's disagreement is with the legal analysis.

According to the Defendant, his claim is "couched in terms of due process and the extension of cases such as *Chambers v. State of Florida*, 309 U.S. 227 (1940), *Burns v. United States*, 501 U.S. 129 (1991), and *Williams v. United States*, 503 U.S. 193 (1992)." (Def.'s Obj. 9.) The Defendant does not provide any meaningful analysis of how the argument he advances to this Court is an extension of these cases. As noted in the Report and Recommendation, the Defendant cited *Chambers* for the general principle that the Fifth and Fourteenth Amendments were intended to guarantee a criminal defendant with procedural due process. The other two cases, *Burns* and *Williams*, were cited for the Defendant's suggestion that § 5D1.3 of the Federal Sentencing Guidelines, which pertains to standard conditions of supervised release, is binding upon the courts. But that is not an accurate statement of current law. The Sentencing Guidelines and its policy statements are not binding upon courts. *See United States v. Drain*, 740 F.3d 426, 431 (7th Cir. 2014).

In attempting to frame his argument, the Defendant "concedes that the case law from the

4

Seventh Circuit does not adequately address the issue at hand." (Def.'s Obj. 9, ECF No. 91.) With respect to the Report and Recommendation's analysis of outrageous government conduct cases, he "respectfully suggests that this analysis is not appropriate." (*Id.*) Rather, his position is "that a violation of the requirements of supervision for a federal Defendant post-incarceration are not internal administrative rules and regulations." (*Id.*) The Defendant clarifies that he is not relying on the doctrine of outrageous government conduct, but argues that suppression is appropriate because to rule otherwise "allows law enforcement agents to ignore the terms and conditions of a federal Court Order without regard to process and procedure designed to ensure the protection of the rights of all citizens." (*Id.* at 10.)

The imposition of supervised release is governed by 18 U.S.C. § 3583. If a sentencing court orders a term of incarceration, the court may also impose a term of supervised release to follow the incarceration. Conditions are either mandatory or discretionary. The condition requiring prior approval before becoming a confidential informant is not one of the mandatory condition listed in the statute. *See id.* § 3583(d) (identifying conditions of supervised release that the "court shall order"). A discretionary condition must relate to a defendant's offense, history and characteristics, and to the goals of punishment, and involve "no greater deprivation of liberty than is reasonably necessary" to achieve the goals of deterrence, public safety, and rehabilitation. *Id.* § 3583(d)(1)–(2); *United States v. Thompson*, 777 F.3d 368, 376 (7th Cir. 2015). They must also be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* § 3583(d)(3).

It is undisputed that Walker, in his dealings with law enforcement, violated one of the conditions of his supervised release when he did not obtain court approval. The violation was

5

eventually corrected for future controlled drug buys he conducted as a confidential human source. However, the terms of the condition he violated did not define the limits of constitutional behavior. They were intended to define the limits of his behavior while still under the supervisory authority of the probation department. If there are consequences to the violation, in the legal sense, they belong to Walker. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.3. The Court can find no basis to conclude that the condition, or the violation thereof, conferred any legal right on the Defendant to be free from police investigation. That is stretching the concept of due process too far.

A Federal Judiciary report that provides an overview of the most common conditions of supervised release recognizes that "[a]cting as a confidential informant or human source is generally inconsistent with the rehabilitative and re-integrative goals of supervision." *See* Administrative Office of the U.S. Courts Probation and Pretrial Services Office, *Overview of Probation and Supervised Release Conditions* (Nov. 2016), http://www.uscourts.gov/services-forms/acting-confidential-human-source-informant-probation-supervised-release-conditions) (describing the purpose of the condition prohibiting supervised defendant from making an agreement with a law enforcement agency to act as a confidential human source or information without first getting the permission of the court). The confidential source's activity may also pose a risk to the supervising probation officer, especially where the officer has limited, or no, knowledge of the nature of the informant's activities. *Id.* However, "there are rare occasions . . . when the law enforcement benefits to the community justify permitting the defendant to engage in this high-risk activity." *Id.* In those instances, strict monitoring by the court/probation office is necessary for the safety of the community, the defendant, and the supervising probation officer."

6

*Id.*

That there are safety concerns implicated by this condition that extend to the community does not confer a right on the target of an investigation, like the Defendant, to suppress evidence if the condition is not strictly followed. For this reason, the Court accepts the Magistrate Judge's conclusion that the Defendant's due process rights were not violated, either under the outrageous government conduct doctrine or otherwise. The Report and Recommendation, in conjunction with this Opinion and Order, makes up the Court's justification for denying the Defendant's Motion to Suppress.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the Report and Recommendation [ECF No. 90], and DENIES the Motion to Suppress [ECF No. 58]. A separate scheduling order will be issued.

SO ORDERED on November 1, 2017.

                                          s/ Theresa L. Springmann
                                         CHIEF JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT