# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-CR-4-HAB |
| | ) | |
| SHAWN C. NORMAN. | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's objection to the draft Presentence Investigation Report (ECF No. 122), filed on February 28, 2019, with a supporting Sentencing Memorandum (ECF No. 138), filed on September 12, 2019. In his objection and Memorandum, Defendant challenges his classification as a career offender under U.S.S.G. § 4B1.1. Specifically, Norman challenges the treatment of two 2001 convictions as separate convictions for the purpose of calculating his eligibility for career offender status under U.S.S.G. § 4B1.1(a)(3). The Court concludes that Defendant's objection is not well-taken, and it will be overruled.

**A.    Factual History**

On November 18, 2018, this Court accepted Defendant's plea of guilty to a single count of distributing heroin in violation of 21 U.S.C. § 841(a)(1). A draft Presentence Investigation Report was filed by the probation officer on January 11, 2019. (ECF No. 118). At paragraph 50 of that Report, the probation officer determined that Defendant was a career offender under U.S.S.G. § 4B1.1. (*Id*. at 12).

It is undisputed that Defendant has three prior drug-related convictions. On February 10, 1989, Defendant was found guilty in this Court of distribution of cocaine under Cause No. FCR-88-45-03. On October 3, 2001, Defendant pled guilty to possession with intent to distribute more than five kilograms of cocaine under Cause No. 1:01-CR-42 (the "Indiana Case"). Defendant was

sentenced in the Indiana Case on August 12, 2002, to 108 months imprisonment. Finally, on November 27, 2001, Defendant pled guilty in the United States District Court for the Eastern District of Michigan to conspiracy to distribute cocaine under Cause No. 00-CR-81035-DT-01 (the "Michigan Case"). Defendant was sentenced in the Michigan Case on April 25, 2002, to 97 months imprisonment, to run concurrently with the sentence in the Indiana case. The probation officer used the Indiana Case and the Michigan Case as her basis to conclude that Defendant qualified as a career offender.

Additional facts will be included below as necessary.

**B.     Legal Discussion**

United States Sentencing Guidelines § 4B1.1(a) provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The provisions of § 4A1.2 are applicable to the counting of convictions under §4B1.1. U.S.S.G. § 4B1.2 cmt. n.3. Subpart (e) to § 4A1.2 provides that all sentences of more than thirteen months should be counted which were "imposed within fifteen years of the defendant's commencement of the instant offense," including offenses that resulted in the defendant being incarcerated during that fifteen-year period. § 4A1.2(e). To determine whether multiple prior sentences should be counted separately or treated as a single sentence, § 4A1.2(a)(2) states:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence.

The sentences handed down in the Michigan Case and the Indiana Case do not qualify as a single sentence under §4A1.2(a)(2), and Defendant does not argue otherwise.[1] Instead, Defendant seems to argue that the Government and the Court are estopped from considering the sentences as separate sentences due to the way the two cases were handled nearly two decades ago. As stated by Defendant:

> Again, Norman underscores that this is not the first time that the issue of career offender status was reviewed as applied to him with the two cases in 2001/2002. After investigations by two Federal probation departments, two Assistant United States Attorney's Offices, and two District Courts into both legal and factual elements of the two cases, the convictions and sentences were treated as a singular sentence under the application of the Guidelines. From the presentence reports, to the plea agreements, to the Judgments of Conviction, under a totality of the circumstances the two cases were counted as one prior sentence under Federal Sentencing Guidelines Sections 1B1.3 and 4A1.2. That treatment and decisions by the two District Courts in 2002 is final. The Government today cannot re-litigate nor re-interpret the final judgment and decision from 17 years ago. No Court, attorney, probation officer, or any Federal agent voiced opposition to this treatment by all parties as a singular sentence.

(ECF No. 140 at 3). In support of his argument, Defendant has provided the Court with several court filings from his prior convictions, including the Plea Agreement, Motion for Downward Departure, Presentence Investigation Report, and Judgment from the Indiana Case, as well as the Indictment, Presentence Investigation Report, and Judgment from the Michigan Case. Defendant asserts that his crimes were treated as a "common scheme or plan (as delineated in the official court documents from the convictions)" by the prior sentencing courts and therefore this Court must do so as well.

---

[1] As the Government correctly notes, Defendant may have had an argument under the pre-2007 version of the Guidelines. However, the relatedness doctrine upon which he relies is not a part of the 2018 Guidelines manual, and the Court is compelled to use the version of the Guidelines in effect on the date of sentencing where, as here, application of the current Guidelines does not implicate an *ex post facto* violation. *United States v. Fletcher*, 763 F.3d 711 (7th Cir. 2014).

After reviewing the designated court filings and the applicable law, the Court rejects Defendant's estoppel argument. First, the court filings do not compel the conclusion Defendant advances. While Defendant focuses primarily on the Indiana Case filings, the Michigan Case filings are largely devoid of any indication that the two cases are related. The Indictment in the Michigan Case alleged that the charged conspiracy lasted from "July 2000, and up to and including November 1, 2000." (ECF No. 138-5 at 1). The Indiana Case, on the other hand, alleged conduct from April 1998 until May 1998. (ECF No. 138-3 at 3). This, in and of itself, is likely sufficient to defeat Defendant's argument. *United States v. Brown*, 209 F.3d 1020, 1023 (7th Cir. 2000) (finding that a defendant must show that the he "either intended from the outset to commit the crimes or that he intended to commit one crime which, by necessity, involved the commission of others" in order to show a common scheme or plan).

Moreover, the Indiana Case is not listed among the sixteen "related cases" identified in the Michigan Case Presentence Investigation Report. (ECF No. 138-6 at 5–6). The Indiana Case is identified in the "Criminal History" section of the Michigan Case Presentence Investigation Report, and Defendant received 1 criminal history point as a result. (*Id.* at 11). In addition, under the "Denial of Federal Benefits" section of the same document, the probation officer noted that, "[u]pon a *third* or subsequent conviction for distribution of a controlled substance, the defendant shall be permanently declared ineligible for federal benefits." (*Id.* at 17) (emphasis added). In short, none of the references to the Indiana Case in the Michigan Case documents indicate that Michigan authorities viewed the cases as related.

Defendant also relies on the fact that the Michigan Case was ordered to run concurrently with the sentence in the Indiana case. (ECF No. 138-7 at 2). This fact demonstrates very little. Under 18 U.S.C. § 3584, a sentencing court has discretion to order a sentence to run concurrently

with "an undischarged term of imprisonment" subject to the considerations of 18 U.S.C. § 3553(a). The Michigan District Court, then, had broad discretion to order its sentence to run concurrently with the sentence in the Indiana Case, and the exercise of that discretion does not suggest, much less prove, that the cases are related for the purposes of the career offender determination. *See United States v. Chartier*, 933 F.2d 111, 116 (2nd Cir. 1991) ("And we do not agree with Chartier that concurrent sentences can give rise to a presumption that consolidation would have occurred if one jurisdiction had prosecuted all the offenses.")

The case documents aside, the Court can find no legal support for Defendant's suggestion that it would be bound by plea negotiations and guideline calculations to which it was not a party. Instead, the prior categorization of a defendant under §4B1.1 has little bearing on how the defendant can be categorized in subsequent proceedings. *See United States v. Banks*, 770 F.3d 346 (5th Cir. 2014) (finding that the defendant was properly resentenced pursuant to § 4B1.1 despite initially being sentenced pursuant to § 2D1.1). Therefore, even if the prior proceedings had treated the Indiana and Michigan Cases as related (and the Court concludes that they didn't), the Court knows of no reason why it could not reach a different but correct conclusion now.

**C.     Conclusion**

For the foregoing reasons, Defendant's objection to the draft Presentence Investigation Report (ECF No. 122) is OVERRULED.

SO ORDERED on October 29, 2019.

    s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT